**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

MATTHEW LONG PLAINTIFF

v. 4:25-cv-01168-BSM-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration, DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Brian S. Miller. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Matthew Long, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers he could perform despite his impairments. (Tr. 17-27.)

The review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole

and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detract from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is young - only thirty-nine years old at the time of the administrative hearing. (Tr. 49.) He earned his GED in 2003 and worked as a mechanic/tire changer and store associate in the past. (Tr. 255.)

The ALJ[1] found Mr. Long had not engaged in substantial gainful activity since November 12, 2020, the alleged onset date. (Tr. 19.) He has "severe" impairments in the form of disorders of the skeletal spine. (Tr. 20.) The ALJ further found Mr. Long did not have an impairment or

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 21.)

The ALJ determined that Mr. Long had the residual functional capacity (RFC) to perform a slightly reduced range of light work given his physical limitations. (Tr. 21-22.) The ALJ found Mr. Long's past jobs failed to qualify as past relevant work under the Social Security Regulations. (Tr. 25.) Accordingly, the ALJ utilized the services of a vocational expert to determine if jobs existed in significant numbers that Plaintiff could perform despite his impairments. (Tr. 60-64.) Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of marker, routing clerk and power screwdriver operator. (Tr. 26.) Accordingly, the ALJ determined Mr. Long was not disabled. (Tr. 27.)

The Appeals Council received additional evidence but denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff argues the ALJ failed to fully consider his subjective symptoms of pain and limitation. (Doc. No. 14 at 7-10.) The ALJ analyzed Mr. Long's symptoms considering Social Security Ruling 16-3p. (Tr. 22.) That ruling fairly tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. But, after close review, I find the ALJ fairly evaluated Mr. Long's subjective complaints. (Tr. 22-25.) The ALJ explained, Plaintiff's "statements about the intensity, persistence and limiting effects of his symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 22.) This finding is well supported. The Commissioner's response outlines the ALJ's support, stating:

> Specifically, the ALJ concluded that the clinical findings from Plaintiff's examinations did not support the degree of limitation that he alleged, including that he had difficulty gripping items, could not stand for more than 15 minutes at a time, and could not sit for more than 15 to 30 minutes at a time (Tr. 23, 53). See 20 C.F.R. §§ 404.1529(c), 416.929(c) (stating that an ALJ must consider objective evidence). As the ALJ noted, although Plaintiff sometimes had tenderness in his neck and back with muscle spasms (Tr. 689, 879, 1151, 1316, 1364), he generally had a normal gait, full range of motion, negative straight-leg raises, full strength, including in his grip, and intact sensation (Tr. 23, 612, 728–731, 804, 810, 837, 842, 941, 1033, 1128, 1189, 1151, 1230, 1315–16, 1341, 1415). Further, imaging revealed only minor disc bulging in Plaintiff's neck and minor scoliosis in his back (Tr. 23, 930, 1044).

(Doc. No. 17 at 4-5.)

Additionally, as both the ALJ and the Commissioner note, "in 2022, [Plaintiff] attempted to do a back flip, and landed on his head/neck." (Tr. 23.) Medical records report this happened either at a trampoline park (Tr. 813) or ball pit (Tr. 1100), or both. Regardless, as the

Commissioner aptly argues, "Although Plaintiff injured himself when he landed on his head/neck, the fact that he even attempted such a maneuver suggests that he was not as limited as he alleged." (Doc. No. 17 at 6 n.2.) This is especially true when Plaintiff claims he had been disabled for nearly two years prior to attempting a backflip. (Tr. 43.) So, the ALJ could rightly discount Plaintiff's subjective allegations.

Plaintiff also argues, "The ALJ constructed a residual functional capacity from his own lay interpretation of the treatment notes after rejecting every medical opinion of physical limitation in the record." (Doc. No. 14 at 10-13.) I have carefully considered Plaintiff's argument and find no error here. The ALJ found the opinion of Garry Stewart, M.D. not persuasive, concluding his finding of "no limitations" was not supported by the medical evidence. (Tr. 24.) Considering the medical evidence, the ALJ also found Plaintiff was *more limited* than did Darrin Campo, M.D., and Christie Cobb, M.D. (*Id.*) Plaintiff objects saying, "No other source in the record offered an opinion on Mr. Long's physical functional capacity." (Doc. No. 14 at 11.)

But the ALJ did base his RFC on medical findings. He clearly considered the medical opinions of Drs. Cobb and Campo when evaluating Plaintiff's physical limitations. (Tr. 24-25.) "Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner. 20 C.F.R.§§ 416.927(e)(2), 416.946 (2006)." *Cox v. Astrue*, 495 F.3d 614, 619-620 (8th Cir. 2007.) There is no reversible error here.

I have considered Plaintiff's additional arguments regarding his daily gastrointestinal issues and issues with his right hand – and find they are without merit. (Doc. No. 14 at 13-17.) I find the Commissioner's arguments in response are highly persuasive. (Doc. No. 17 at 13-17.)

Mr. Long clearly has some limitations. However, being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support

the ALJ's determination.

Plaintiff's counsel has done an admirable job advocating for his rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on this record that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 26th day of August 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE